IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
Civil Action No.: 7:23-CV-00005-M-RN

| | |
|---|---|
| ALYSSA NOBRIGA, ABIGAIL RATCHFORD, CLAUDIA SAMPEDRO, DESSIE MITCHESON, JESSICA BURCIAGA, JESSICA 'CHARM' KILLINGS, MARIANA DAVALOS, MERCEDES TERRELL, URSULA MAYES, VIDA GUERRA, IRINA VORONINA, and KIMBERLY COZZENS a/k/a KIM COZZENS,<br><br>                Plaintiffs,<br><br>   v.<br><br>LA KUMBALA LOUNGE & RESTAURANT, INC. d/b/a LA KUMBALA LOUNGE & RESTAURANT, SERGIO UMANA PORTILLO and DELORIS CRUMP RYALS,<br><br>                Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## **PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT**

Plaintiffs Alyssa Nobriga, Abigail Ratchford, Claudia Sampedro, Dessie Mitcheson, Jessica Burciaga, Jessica 'Charm' Killings, Mariana Davalos, Mercedes Terrell, Ursula Mayes, Vida Guerra, Irina Voronina, Kimberly Cozzens a/k/a Kim Cozzens (collectively, "Plaintiffs"), by and through their undersigned counsel, respectfully move this Court for a default judgment in favor of Plaintiffs and against defendants La Kumbala Lounge & Restaurant, Inc. d/b/a La Kumbala Lounge & Restaurant ("Kumbala"), Sergio Umana Portillo ("Portillo"), and Deloris Crump Ryals ("Ryals") (collectively, "Defendants"), and in support of said motion, state as follows:

- 1 -

**STATEMENT OF UNDISPUTED FACTS**

*Substantive Allegations*

As set forth in Plaintiffs' Complaint [DE 1], Plaintiffs are well-known professional models who earn their livelihood licensing their identity, image, and likeness (collectively "Images") to select clients, commercial brands, and media and entertainment outlets. Compl., ¶ 30. Each Plaintiff relies on her professional reputation for modeling, acting, hosting and other professional opportunities, has worked to establish herself as reliable, reputable and professional, and it is each Plaintiff's reputation and status in the modeling industry, and the attendant notoriety each has achieved, that allows and ensures that each Plaintiff will continue to book jobs. *Id.* at ¶ 31. In furtherance of her career, each Plaintiff seeks to control the use and dissemination of her image, is consulted on and participates in the negotiation, vetting and selection of modeling, acting, brand spokesperson or hosting engagements, and each has been vigilant in building and protection her brand from harm, taint, or other diminution. *Id*., ¶ 31.

During the relevant time period La Kumbala Lounge & Restaurant, Inc. owned La Kumbala Lounge & Restaurant ("Kumbala" or the "Club"), a restaurant and night club in Wilmington, North Carolina, where it engaged in the business of selling alcohol and food in a sexually-charged atmosphere. *Id*. at ¶ 74. In furtherance of their promotion of La Kumbala Lounge & Restaurant, Inc. owned, operated and controlled Kumbala's social media accounts, including Kumbala Facebook, Twitter, and Instagram accounts, and used such social media to post advertisements for Kumbala. *Id*. at ¶¶ 75, 76. Many of these advertisements contained Images of Plaintiffs, which had been misappropriated, and intentionally altered, by Defendants to make it appear that Plaintiffs worked at or endorsed Kumbala. *Id*. at ¶¶ 32, 39, 42, 45, 48, 51, 54, 57, 60, 63, 66, 69, 72. In the case of each Plaintiff, such appearance was false, and occurred without any

Plaintiff's knowledge, consent, or authorization, and without remuneration to any Plaintiff. *Id*. at ¶¶ 33, 34, 78, 79, 81, 87, 89.

*Procedural History*

Plaintiffs filed this action on January 10, 2023 [DE 1] on June 8, 2023 Defendant Ryals was served with the Summons and Complaint, and on June 12 Defendants La Kumbala Lounge & Restaurant, Inc. and Sergio Umana Portillo were served with the Summons and Complaint [DE 15 and DE 1]. Having been served on June 8, 2023 and June 12, 2023, Defendants' deadline to answer, respond, or otherwise move against the complaint was February 23, 2023 and March 6, 2023. Neither Defendant having answered or moved against the Complaint, on February 23, 2023 and/or March 6, 2023, Plaintiffs filed their Request for Entry of Default as to all Defendants, [DE 25], which the Clerk of the Court entered on July 10, 2023 [DE 29].

## ARGUMENT

**I. DEFENDANTS' WILLFUL NON-APPEARANCE SUPPORTS A FINDING OF LIABLITY ON EACH CAUSE OF ACTION.**

Pursuant to the Federal Rules of Civil Procedure, once the clerk of court has entered a default, the party seeking the default the must apply for entry of a default judgment. *See* Fed. R. Civ. P. 55(b)(2); *Eastern Elec. Corp. of New Jersey v. Shoemaker Const. Co.*, 652 F.Supp.2d 599, 604 (E.D.Pa. 2009). The Fourth Circuit has instructed that in determining whether to enter a default judgment, three specific factors have been developed to assist trial courts in exercising their discretion: (1) whether the default was willful; (2) whether the defaulting party presents meritorious defenses; and (3) whether the nondefaulting party will be substantially prejudiced if relief from the default is granted." *United States to Use of Combustion Systems Sales, Inc. v. Eastern Metal Products and Fabricators, Inc.*, 112 F.R.D. 685, 690 (M.D.N.C. 1986) Each of these factors weighs heavily in Plaintiffs' favor, especially the prejudice Plaintiffs will suffer if

Defendants, having been put on notice of this lawsuit months ago, will be able to escape liability despite completely ignoring this action. Plaintiffs' claims as set forth in the Complaint each emanate from the same illicit behavior: Defendants' misappropriation of each Plaintiff's image and likeness and subsequent use of them in advertisements for Kumbala. Though each claim has different elements, as set forth in the Complaint, there is no dispute as to whether any Plaintiff ever consented to Defendants' use of her images for commercial purposes, and Defendants' failure to appear and defend against these claims, when they are obviously on notice of them, *see* [DE 16, DE 17 and DE 18], should constitute an admission that they did not have the consent required to use Plaintiffs' images in advertising. Considering this, the Court should enter an Order granting Plaintiffs' motion for default judgment against each Defendant as to each cause of action in the Complaint.

## II. PLAINTIFFS ARE ENTITLED TO DAMAGES, COSTS, FEES AND INJUNCTIVE RELIEF RELATING TO DEFENDANTS' MISAPPROPRIATIONS.

Submitted as Exhibit A is the Declaration of Plaintiffs' valuation expert, Stephen Chamberlin, who was engaged to evaluate and value retroactively the compensation each Plaintiff should have received for the use of her images by Defendants. Mr. Chamberlin provides in his Declaration the basis of his valuation opinion as to each Plaintiff and he has opined that Plaintiffs' damages based upon a fair market value analysis (and exclusive of disgorgement of profits and/or special, consequential, exemplary or punitive damages) is a total $990,000.00.

In addition, Plaintiffs are entitled to an order permanently enjoining Defendants from using their images in commercial advertising, as well as all costs and attorneys' fees incurred prosecuting this action.

To the extent the Court does not conclude that Mr. Chamberlin's declaration sufficiently establishes the fair market value of Defendants' use of Plaintiffs' images for commercial purposes,

- 4 -

Case 7:23-cv-00005-M-RN    Document 33    Filed 12/01/23    Page 4 of 6

Plaintiffs respectfully request the Court conduct an inquest pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure such that Plaintiffs may be afforded the opportunity to put before the Court evidence of their damages.

## **CONCLUSION**

For the foregoing reasons, Plaintiffs respectfully request the Court grant their motion for default judgment on each count of the Complaint; award Plaintiffs damages in the amount of $990,000.00 or schedule an inquest on the issue of Plaintiffs' damages; issue an order permanently enjoining Defendants from using Plaintiffs' images and likeness in commercial advertising; and issue an order awarding Plaintiffs all costs and attorneys' fees incurred prosecuting this action, and affording Plaintiffs a reasonable time following entry of the Court's judgment to apprise the Court of those costs and fees.

Respectfully submitted, this the 1st day of December, 2023.

/s/Matthew R. Gambale
MATTHEW R. GAMBALE
N.C. Bar No. 43359
OSBORN GAMBALE BECKLEY & BUDD PLLC
1100 Wake Forest Road, Suite 205
Raleigh, North Carolina 27604
matt@counselcarolina.com
T: 919.373.6422
F: 919.578.3733
*Attorneys for Plaintiff*

# CERTIFICATE OF SERVICE

      The undersigned hereby certifies that the foregoing document has been electronically filed with the Clerk of Court using the CM/ECF system, which system will automatically generate and send a Notice of Electronic Filings to the undersigned filing user and registered users of record in the matter, and by Sheriff Service of Process, as follows:

La Kumbala Lounge and Restaurant, Inc.
d/b/a La Kumbala Lounge and Restaurant
c/o Sergio Umana Portillo, Registered Agent
1414 South College Road
Wilmington, NC 28403
*Defendant*

Sergion Umana Potillo
1414 South College Road
Wilmington, NC 28403
*Defendant*

Deloris Crump Ryals
906 Bayshore Drive
Wilmington, NC 28411
*Defendant*

This 1st day of December, 2023.

    /s/Matthew R. Gambale
MATTHEW R. GAMBALE
N.C. Bar No. 43359
OSBORN GAMBALE BECKLEY & BUDD PLLC
1100 Wake Forest Road, Suite 205
Raleigh, North Carolina 27604
matt@counselcarolina.com
T: 919.373.6422
F: 919.578.3733
*Attorneys for Plaintiff*